IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00289-M

UNITED STATES OF AMERICA,

     Plaintiff,

v.

VIDAUL RASHAAD REED, et al.,

     Defendants.

ORDER

These matters come before the court on motions to sever filed by Defendants Anthony Edward Cheever [DE 550], Martinus Jermaine Starks [DE 511], Fred Joseph Prosperi [DE 545], J.R. Nevarez Darr [DE 349], and William Franklin Beasley [DE 552]. The United States opposes these motions and filed an omnibus response on April 3, 2026 (DE 578). Defendant Darr filed a reply in support of his motion on April 17, 2026 (DE 585). Defendants contend that their joinder in the Indictment is improper under Rule 8 of the Federal Rules of Criminal Procedure and, alternatively, that their continued joinder in this action is unfairly prejudicial under Rule 14.

The court has previously denied similar motions filed by certain Defendants in this action but, based on changed circumstances (including the government's notice not to seek the death penalty, additional discovery provided to Defendants, and this court's increasing knowledge about the facts supporting the charges), the court permitted the above-listed Defendants, all of whom have pled not guilty in this case (hereinafter, "Severance Defendants"), to file original or renewed motions to sever, as appropriate. For the following reasons, the Severance Defendants' motions are denied.

## I. Background

Relevant here, on October 3, 2024, the United States filed the indictment in this case (DE 5), in which the grand jury charged thirteen Defendants with murder in aid of racketeering (Count One), use and carry of firearms during a crime of violence (Count Two), attempted murder in aid of racketeering (Counts Four and Six), and assault with dangerous weapons in aid of racketeering (Counts Five and Seven). Severance Defendants Cheever and Starks are charged in Counts One and Two, and Prosperi, Darr, and Beasley are charged in Counts Six and Seven. All Defendants are alleged to have been "prospects" or members of the Hells Angels Motorcycle Club ("HAMC") or its primary support club, the Red Devils Motorcycle Club ("RDMC") at all relevant times. All members and associates of these clubs are alleged to constitute the "HAMC Enterprise."

The government alleges that the HAMC has a long-standing rivalry with the Pagan's Motorcycle Club (the "PMC"). Local charters and other HAMC subsets in the Eastern District of North Carolina and elsewhere purportedly abide by a standing "green light" or "smash on sight" order, under which members and associates of the HAMC are required to attack, injure, and kill any PMC members they encounter. Failure to comply with the "green light" or "smash on sight" order can allegedly result in retribution, including assault and loss of status in the HAMC Enterprise.

The Severance Defendants allegedly engaged in the conduct described in Counts One, Two, Six, and Seven "for the purpose of gaining entrance to and maintaining and increasing position in the HAMC, an Enterprise engaged in racketeering activity," in violation of 18 U.S.C. §§ 1959(a) and 2. The conduct described in Counts One and Two occurred on or about January 1, 2023, during which HAMC members allegedly chased and killed a member of the PMC, "Padilla," and the conduct described in Counts Six and Seven occurred on or about July 22, 2023, during

2

which HAMC members allegedly encountered and attacked PMC members at a local Dairy Queen. These incidents are alleged to have occurred in response to or in accordance with the "green light" or "smash on sight" order issued by leaders of the HAMC Enterprise.

Here, the Severance Defendants argue that severance of the Defendants charged in Counts One and Two from the Defendants charged in Counts Six and Seven is proper to correct misjoinder under Rule 8 and/or unfair prejudice under Rule 14.[1] They contend that the two subject incidents occurred on separate occasions, the latter during which Cheever and Starks were incarcerated, and involved different people, locations, and circumstances; as such, the United States cannot show that the Severance Defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). In the alternative, the Severance Defendants assert that joinder of all of them in the same trial will result in unfair "spill over" prejudice to Cheever and Starks (Counts One and Two) because they were detained and had no participation in the July 22, 2023 incident and to Prosperi, Darr, and Beasley because they were neither present nor involved in the alleged killing of Padilla on January 1, 2023.

The United States counters that the Severance Defendants and all charges against them are properly joined for one trial, in that the Defendants are alleged to have participated in the same act, the HAMC Enterprise's "green light" or "smash on sight" order, which resulted in the charged crimes. Further, the government argues that, even if joinder of these Defendants causes some prejudice, it is not unfair prejudice and can be cured by cross examination and/or jury instructions.

---

[1] Additionally, two Severance Defendants, Prosperi and Darr, each "move to sever his case from *all* his codefendants." DE 349, 545 (emphasis added). They do not expound on these requests except to "incorporate" the arguments made by co-Defendant Beasley in his original motion. *See* DE 277. However, this court denied that motion (DE 305) and, in his renewed motion, Beasley states that he "does not object to proceeding to trial with the other defendants charged in Counts Four through Seven." DE 552 at 4. Without additional information or argument, the court finds no basis on which to grant severance of each Defendant from all co-Defendants.

3

Defendant Darr filed a reply brief, in which he claims "overwhelming prejudice" by the admission of any evidence other than that concerning the July 22, 2023 incident, because he was not affiliated with the HAMC prior to 2023 and, in July 2023, he was "only a 'prospect'" who "was not in a position to be privy to much of the information about the club or the activities of the full members of the HAMC." DE 585.

Upon review of the motions, briefs, applicable law and rules, and the entire record, the court is now fully apprised.

## II.     Analysis

Relevant here, several counts of the indictment, including Counts One, Six, and Seven, charge crimes under the Violent Crimes in Aid of Racketeering Act, 18 U.S.C. § 1959 *et seq.* ("VICAR").  Section 1959 punishes violent crimes, including murder, attempted murder, and assault with a dangerous weapon, that are committed "for the purpose of . . . maintaining or increasing position in an enterprise engaged in racketeering activity."  An "enterprise" includes "any partnership, corporation, association, or other legal entity . . . which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1959(b)(2).  To establish a VICAR charge under § 1959, the government must prove:

1. "an enterprise engaged in racketeering activity;"

2. the enterprise's activities affected interstate commerce;

3. the defendant committed [a violent crime]; and

4. the defendant, in committing [the violent crime], acted in response to payment or a promise of payment by the enterprise or "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise."

18 U.S.C. § 1959(a)(1).  In this case, Count One charges murder in violation of VICAR and Count Two charges brandishing a firearm during the VICAR crime against Cheever and Starks with

respect to the January 1, 2023 ("Padilla") incident. *See* Indictment, DE 5. Counts Six and Seven charge attempted murder and assault with a dangerous weapon in violation of VICAR against Prosperi, Darr, and Beasley regarding the July 22, 2023 ("Dairy Queen") incident. *Id.*

## A.     Joinder under Rule 8(b)

The Fourth Circuit instructs that the Federal Rules of Criminal Procedure favor "very broad joinder." *United States v. Mosley*, 168 F.4th 145, 152 (4th Cir. 2026) (quoting *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003)). "There is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Contreras*, 149 F.4th 349, 370 (4th Cir. 2025) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)).

Rule 8(b) of the Federal Rules of Criminal Procedure[2] permits two or more defendants to be joined for purposes of an indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Separate acts constituting separate offenses are sufficiently related to be within the same series if they arise out of a common plan or scheme. *United States v. Porter*, 821 F.2d 968, 972 (4th Cir. 1987) (citing *United States v. Guerrero*, 756 F.2d 1342, 1345 (9th Cir. 1984)). "There must be a series of acts unified by some substantial identity of facts or participants." *Id.* (citing *United States v. Dennis*, 645 F.2d 517, 520 (5th Cir. 1981), *overruled on other grounds, United States v. Lane*, 474 U.S. 438 (1986)).

The court finds joinder of the Defendants charged in Counts One and Two with the Defendants charged in Counts Six and Seven proper under Rule 8(b). The Fourth Circuit has determined that "offenses committed close in time and follow[ing] the same pattern" are properly

---

[2] Only Defendant Beasley cites Rule 8(a) in this matter (DE 552 at 2); however, the court finds Rule 8(a), which governs a request to sever separate offenses charged against one Defendant, inapplicable.

joined. *Contrares*, 149 F.4th at 370 (finding that appellants committed the charged crimes—luring a "green lit" victim to a park where they attacked and killed him—with the same purpose of furthering the "mission" of, and getting promoted in, the gang). Here, although the conduct charged in Counts One and Two occurred on a different date by different co-Defendants than that charged in Counts Six and Seven, the incidents took place within only six months and all conduct is alleged to have happened in furtherance of the goals of a continuing enterprise, i.e., the HAMC Enterprise. *See id.*; *see also Porter*, 821 F.2d at 972 ("Because the indictment charged Porter with engaging in a continuing enterprise based on a series of crimes, including those involving the other appellants, joinder was proper under Rule 8(b)."); *United States v. Williams*, No. 4:09CR81, 2010 WL 4702351, at *2 (E.D. Va. Oct. 28, 2010) ("it is plain to the court that illegal activities performed by members of street gangs in furtherance of such gang have a logical relationship to each other and . . . form a series of [alleged] acts or transactions sufficient to warrant joinder of charges and defendants under Rule 8") (internal quotation marks and citations omitted).

Defendant Beasley argues that "there is no charge of conspiracy" and "[n]one of the defendants charged in Counts One and Two are charged in Counts [Six and] Seven, or vice versa." DE 552. However, "[c]ourts have routinely held that a defendant may be joined in an Indictment even if he is only alleged to have committed predicate racketeering acts and is not alleged to have conspired with other co-defendants, as long as the defendant's crime is logically related to the enterprise." *United States v. York*, No. 116CR00069LJOSKO11, 2017 WL 4237112, at *5 (E.D. Cal. Sept. 22, 2017) (collecting cases). Here, the Indictment alleges that the charges in Counts One, Six, and Seven were committed "for the purpose of gaining entrance to and maintaining and increasing position in HAMC, *an Enterprise engaged in racketeering activity*." *See* DE 5

(emphasis added). The United States contends that the same evidence will be used to prove this necessary element in each of Counts One, Six, and Seven.

It is widely known that HAMC is a "1%" organization, which means its members are expected to thwart the law and engage in activities typically criminal in nature. In this case, the government alleges that the HAMC Enterprise's relevant goal was the execution of its "standing 'green light' order, under which members and associates of the HAMC are required to attack, injure, and kill any PMC members they encounter." *Id.* ¶ 14. The government asserts here that it "will be required to establish the existence of an enterprise and that the enterprise was engaged in racketeering activity" and, in so doing, it will introduce evidence that "each separate act of violence committed by the HAMC Enterprise against the PMC demonstrates a pattern of behavior expected of HAMC Enterprise members [which is] relevant to proving the VICAR motive." DE 578 at 11. The court agrees that introducing the same evidence at two trials may result in unnecessary duplication of evidence and witnesses.

The crimes charged in the challenged counts all allegedly relate to the HAMC Enterprise's goal, as the conduct charged involved violent attacks by and between members of the HAMC and the PMC. All Defendants charged in Counts One, Two, Six, and Seven are alleged HAMC members or associates (i.e., RDMC members) who engaged in the conduct pursuant or related to the alleged "green light," and both incidents involved physical violence, weapons discharged, and fatalities. The court finds the Severance Defendants are properly joined, because all of the acts charged in Counts One, Two, Six, and Seven are "related acts of the enterprise that further the purposes of the" HAMC Enterprise. *See United States v. Gensemer*, No. 207CR00145KJDPAL, 2008 WL 11337649, at *3 (D. Nev. Oct. 9, 2008); *see also United States v. Garcia*, 74 F.4th 1073, 1109–10 (10th Cir.), *cert. denied sub nom. Troup v. United States*, 144 S. Ct. 400, 217 L. Ed. 2d

7

216 (2023), and *cert. denied sub nom. Gallegos v. United States*, 144 S. Ct. 608, 217 L. Ed. 2d 324 (2024) (joinder was proper where "the Government alleged that the conduct underlying each count was committed in furtherance of the goals of [the prison gang,] SNM or an individual's continued association with SNM"); *York*, 2017 WL 4237112, at *6 ("Because the crimes alleged against Bailey are part of the racketeering activity that the Government intends to prove in Count 1, the separate counts related to that racketeering activity are part of the same 'series of transactions' as the VICAR offense alleged in Count 1."); *United States v. Moran*, No. 11-CR-6083CJS, 2013 WL 6408124, at *3 (W.D.N.Y. Nov. 26, 2013), *report and recommendation adopted*, No. 11-CR-6083, 2015 WL 641825 (W.D.N.Y. Feb. 13, 2015) ("The narcotics counts are properly joined with the VICAR counts because the narcotics offenses constitute the racketeering activity engaged in by the enterprise sought to be promoted by the alleged assault.").

Further, the fact that the Defendants charged in Counts One and Two are not the same Defendants charged in Counts Six and Seven does not render the Severance Defendants improperly joined. "Rule 8(b) specifically provides that 'all of the defendants need not be charged in each count' and this language has generally been construed to permit joinder in cases where individual defendants are charged with some but not all counts of the indictment." *Moran*, 2013 WL 6408124, at *4 (quoting *United States v. Weisman*, 624 F.2d 1118, 1128 (2d Cir.), *cert. denied*, 449 U.S. 871 (1980), *abrogation on other grounds recognized by Ianniello v. United States*, 10 F.3d 59 (2d Cir. 1993)). Again, the overarching commonality of the Defendants' conduct in Counts One, Two, Six, and Seven is that Defendants acted in furtherance of the HAMC Enterprise's green light order to attack members of a rival gang.

Taking the United States' allegations as true for purposes of the present motion,[3] the court concludes that joinder of the Defendants in Counts One, Two, Six, and Seven is proper under Rule 8(b). *See United States v. Barbeito*, No. CRIM.A.2:09CR00222, 2010 WL 2369907, at *4 (S.D.W. Va. June 4, 2010) ("Defendants' alleged violent actions were tied to their membership in the PMC enterprise and furthered the PMC's purported purpose of protecting its territory and interests through acts of violence. The acts charged in these counts were therefore part of the same common scheme or plan as the RICO counts, which is sufficient to find that they were part of the same series of acts or transactions under Rule 8(b)").

## B.     Severance under Rule 14

Even when defendants are properly joined in one indictment, "Rule 14 of the Federal Rules of Criminal Procedure provides that a court may grant a severance from a prejudicial joinder." *United States v. LaRouche*, 896 F.2d 815, 830 (4th Cir. 1990); *see also Cataneo v. United States*, 167 F.2d 820, 823 (4th Cir. 1948) (explaining that "the question of severance . . . is vested under Rule 14 in the sound discretion of the trial judge"); Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants . . . appears to prejudice a defendant . . ., the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.") (emphasis added).

"A defendant making a motion for severance pursuant to Rule 14 has the burden of demonstrating a strong showing of prejudice." *United States v. Goldman*, 750 F.2d 1221, 1225

---

[3] *See United States v. Jonas*, 824 F. App'x 224, 230 (5th Cir. 2020) ("For the purposes of Rule 8, whether joinder is proper normally depends on the allegations in the indictment, which are taken as true."); *United States v. Martinez*, 675 F. App'x 963, 968 (11th Cir. 2017) ("The trial court determines prior to trial whether joinder of offenses is proper under Fed. R. Crim. P. 8(b) based on an examination of the allegations stated on the face of the indictment."); *cf. Rakes v. United States*, 169 F.2d 739, 743 (4th Cir. 1948) ("The several offenses charged in this indictment were not only similar but were based on transactions constituting parts of a common plan, clear upon the face of the indictment; all the counts relate to the appellant's elaborate check-kiting scheme.").

(4th Cir. 1984). "Demonstrating prejudice is a high hurdle, because prejudice exists only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Contreras*, 149 F.4th at 370 (cleaned up). "Indeed, the express language of Rule 14 . . . shows that Congress tolerates some Rule 8 joinders even when there is prejudice." *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986); *see also Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Rule 14 does not require severance even if prejudice is shown").

The Severance Defendants have not made a strong showing of unfair prejudice in this case. While it is true that Cheever and Starks are charged with the more serious crime of murder, both incidents involved HAMC (and support group, RDMC) and PMC gang members' use of dangerous weapons to attack each other in accordance with a "green light" order, and they both resulted in killings. Defendants appear to be concerned that if evidence related to one violent crime is admitted at trial for acts involving another violent crime, such admission would result in prejudice sufficient to warrant severance. However, even in trials involving allegations of one crime, "evidence of other crimes is admissible for certain [] purposes because its probative value is [in those circumstances] thought to outweigh its prejudicial effect." *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976); *see also* Fed. R. Evid. 404(b)(2) (evidence of other crimes, wrongs, or acts may be admissible to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").

This is true here, even for evidence of violent acts occurring outside the relevant time period. The Severance Defendants argue that evidence of HAMC/RDMC/PMC activity in which they did not participate is not relevant and would be unfairly prejudicial if admitted. However, as noted, the government must prove the existence of an "enterprise engaged in racketeering activity,"

10

and to do so, the government intends to introduce evidence of additional incidents of violent criminal conduct between the HAMC/RDMC and PMC that occurred in 2021 and 2022, which, concededly, involved some, but not all of the Defendants in this case. DE 578 at 7-8. The court finds such evidence admissible because its probative value in demonstrating the existence of the enterprise would outweigh any danger of unfair prejudice, which may be cured. To prove the existence of an enterprise, one must proffer evidence of its origination, construction, and purpose. In this case, the government intends to introduce evidence of the historical structure, rules, and purpose of the HAMC Enterprise, as well as the participation required for meeting its purpose, which, under the relevant statute, must establish "racketeering activity." The United States is permitted to introduce relevant evidence necessary to prove an essential element of the crime alleged. Based on the record presented, it appears that any "spillover" prejudice from the introduction of evidence of these incidents may be cured by cross examination and the court's instructions to the jury. *See Contreras*, 149 F.4th 349, 371 ("It is the 'exceptional case' where severance is granted on the basis of concerns about a 'spillover effect' from one defendant's case to that of another") (quoting *United States v. Oloyede*, 933 F.3d 302, 312 (4th Cir. 2019)).

In consideration of the foregoing principles, the court finds the Severance Defendants have not made a strong showing of unfair prejudice, particularly under the circumstances presented here. Arguments regarding certain Defendants' lack of participation in, or lack of influence by, "other" incidents of violence involving the HAMC/RDMC and PMC are properly made before a fact finder. Even if this evidence is prejudicial, it is not unfairly so, in that "less drastic measures, such as limiting instructions" and cross examination would be sufficient "to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539; *see also United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980) (noting that "prejudice . . . can be generally obviated by a cautionary or limiting

11

instruction"); *LaRouche*, 896 F.2d at 831 ("curative instructions given to the jury by the district court go a long way in eliminating any prejudice resulting from the spillover effects of joinder"). Rule 14 expressly contemplates measures less drastic than severance. *See* Fed. R. Crim. P. 14(a) (detailing that court, when faced with appearance of prejudice, may "provide any other relief that justice requires").

The court concludes that, in the absence of a more particularized showing of unfair prejudice, the court's jury instructions, defense arguments, and cross examination would combine to obviate any risk of unfair prejudice. The Severance Defendants fail to demonstrate that severance based on unfair prejudice is warranted in this case.

## III.    Conclusion

"Rules 8(b) and 14 are designed to promote economy and efficiency and to avoid a multiplicity of trials, without violating the defendants' right to a fair trial." *Contreras*, 149 F.4th at 371 (cleaned up). The applicable case law and rules of criminal procedure demonstrate that joinder of defendants and charges is a common preferred method of proceeding. *See United States v. Hayden*, 85 F.3d 153, 160 (4th Cir. 1996) ("the federal system prefers joint trials because they promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'") (quoting *Zafiro*, 506 U.S. at 537); *see also Oloyede*, 933 F.3d at 312 ("there is 'a preference in the federal system for joint trials of defendants who are indicted together'") (quoting *Zafiro, supra*). At this stage of the litigation, the Severance Defendants have failed to establish that joinder of Defendants charged in Counts One and Two with Defendants charged in Counts Six and Seven is improper or would result in the type of unfair prejudice necessary to outweigh the efficiencies of joining the Defendants and these counts in this case. Accordingly, the motions to sever filed by Defendants Anthony Edward Cheever [DE 550],

Martinus Jermaine Starks [DE 511], Fred Joseph Prosperi [DE 545], J.R. Nevarez Darr [DE 349], and William Franklin Beasley [DE 552] are DENIED.

The Clerk of Court is DIRECTED to schedule a telephonic status conference during the May 5, 2026 term of court, at which counsel for the United States and counsel for the five above-listed Defendants shall be prepared to discuss scheduling the jury trial in this case.

SO ORDERED this 29th day of April, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

Case 5:24-cr-00289-M-KS    Document 587    Filed 04/29/26    Page 13 of 13